IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FORREST EVANS,

    Plaintiff,

v.                                                           CV No. 21-833 CG

ALICIA ORTIZ, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** is before the Court on Mr. Evans's *pro se Complaint for Violation of Civil Rights* (the "Complaint"), (Doc. 1), filed August 6, 2021. Mr. Evans, who was "engaged in the MVD business from 2012 thru June 2019," states that Defendants, eighteen in total, "undermine[d] Plaintiff's ability to maintain, keep and renew license to operate an MVD," and asserts claims for violations of his equal protection and due process rights pursuant to 42 U.S.C. § 1983. (Doc. 1 at 20).

Many of Mr. Evans's allegations are conclusory. For instance, one states:

> [Defendant] did in fact violate my constitutional rights by [his/her] conduct and actions, of my equal protection under the 14th Amendment of the United States Constitution along with my Due Process Rights. Causing me to suffer legal harm, and personal harm, to my business. Knowingly and with clear intent to deprive me of my livelihood and to undermine, and illegally take my business away from me. [He/She] committed acts of collusion, complicity, and conspiracy with other Defendants.

*Id.* at 10, ¶ 1; *see also id.* at 10-16, ¶¶ 2-6, 9-18. Most of the allegations do not indicate the date when Defendants took the alleged actions. *See id.* at 10-16, ¶¶ 3-18. The one allegation that does contain a date does not refer to an act by a Defendant; rather, it indicates when a Defendant was granted a license. *See id.* at 10, ¶ 2. In fact, for several

Defendants, Mr. Evans completely fails to include any non-conclusory factual allegations at all. *See id.* at 12-16, ¶¶ 7-10, 12-15, 17. He states, for example, "I have provided proof of the illegal conduct and actions that were taken against me by the listed Defendants" and attached to the Complaint 213 pages of documents which "clearly support my case against the defendants." *Id.* at 20.

The Complaint fails to state a claim because Mr. Evans fails to state with particularity what each Defendant did to him, when the Defendants committed these alleged unspecified actions, or how those actions harmed Mr. Evans. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Mr. Evan's Complaint must "give [] defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although Mr. Evans has provided 213 pages of documents, which he says support his case, the Court will not comb the record or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"). Therefore, the Court will order Mr. Evans to file an amended complaint that states a claim, because the current Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Mr. Evans shall file an amended complaint by no later than **September 20, 2021**. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE