### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

FORREST EVANS,

       Plaintiff,

v.                                No. 2:21-cv-00833-KWR-CG

ALICIA ORTIZ, et al.,

       Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Complaint, Doc. 5, filed September 17, 2021 ("Amended Complaint").

**Previous Case – *Evans I***

On August 27, 2020, Plaintiff, along with another *pro se* plaintiff, filed a complaint alleging race, age, disability and equal protection claims pursuant to 42 U.S.C. § 1983. *Evans v. Williams*, 2:20-cv-00874-JAP-KRS ("*Evans I*"). The claims in *Evans I* were based on essentially the same facts as the claims in this case. United States Magistrate Judge Kevin R. Sweazea notified plaintiffs that their complaint in *Evans I* failed to state a claim under federal law for several reasons and stated: "It appears that many of Plaintiffs' claims are barred by the statute of limitations because they arise from events that occurred in 2013-2017." Doc. 4 at 3, filed September 23, 2020, in *Evans I*. After plaintiffs failed to file an amended complaint, Senior United States District Judge James A. Parker dismissed *Evans I* without prejudice for the reasons stated in Judge Sweazea's Order. *See* Doc. 16, filed January 7, 2021, in *Evans I*.

**Procedural Background**

In this case, Plaintiff, who was "engaged in the MVD business from 2012 thru June 2019," stated in his original Complaint that Defendants "undermine[d] Plaintiff's ability to maintain, keep and renew license to operate an MVD," and asserted claims for violations of his equal protection and due process rights pursuant to 42 U.S.C. § 1983 against 18 Defendants. Complaint at 20, Doc. 1, filed August 6, 2021.

Chief United States Magistrate Judge Carmen E. Garza notified Plaintiff that: (i) many of the allegations in the original Complaint are conclusory; (ii) most of the allegations do not indicate the date when Defendants took the alleged actions; (iii) there are no non-conclusory factual allegations for several Defendants; and (iv) the Complaint failed to state a claim because Plaintiff failed to state with particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See* Order, Doc. 4, filed August 30, 2021 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")).  Judge Garza ordered Plaintiff to file an amended complaint because the original Complaint should be dismissed for failure to state a claim.

The Amended Complaint alleges that the 18 Defendants violated Plaintiff's Constitutional rights to due process and equal protection and asserts a defamation claim and perhaps other state-law claims.  Plaintiff alleges that: (i) he was "doing business as a MVD Partner licensed by the State of New Mexico Taxation and Revenue Department;" (ii) he was accused of being incompetent, making mistakes and violating rules; (iii) he "requested a hearing [about his errors and violations], however, Defendants never granted or acknowledged Plaintiff[']s request;" (iv)

he "was not treated in the same or similar way as other MVD Partners;" and (v) he resigned after one Defendant gave Plaintiff's employer "the ultimatum to fire [Plaintiff] or lose her MVD license."  Amended Complaint at 3-7.

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."  *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years").  Consequently, § 1983 claims arising before August 26, 2018, are barred by the statute of limitations.

Plaintiff's § 1983 claims arising from events which occurred from 2012 through 2017 are barred by the statute of limitations.  The continuing violation doctrine does not save Plaintiff's claims from being time-barred because the allegations in the Amended Complaint do not show that Defendants committed wrongful acts from 2018 to 2021.  *See Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018) (stating "this court has not yet decided whether [the continuing violations doctrine] should apply to § 1983 claims"; "the continuing violation doctrine is triggered by continuing unlawful acts but not by continuing damages from the initial violation ... Said another way, the continuing violation doctrine, as we have defined it, would apply here only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period").

**Allegations during 2018-Present**

Marta Flores

Defendant Marta Flores was a "former employee of Plaintiff."  Amended Complaint at 8, ¶ 2.  Plaintiff alleges:

> [Defendant Flores] was granted a MVD Partner License approximately May 2020, after Plaintiff[']s Partner Agreement was rescinded ... Defendant Flores entered into a Partner Agreement with Defendant David Anchondo and the New Mexico MVD Department ... Defendants Angel Martinez and Alicia Ortiz and other Defendants colluded to facilitate an MVD Partner Agreement license for Defendants Flores and Anchondo, during the time frame Defendant Alicia Ortiz rescinded Rapido MVD's[1] Partner Agreement with the State of New Mexico ... Defendant Flores " ... was terminated from Rapido's employ ... [and] allowed Defendant Angel Martinez to enter Plaintiff[s]s secure private office and allowed Ms. Martinez to browse thru Rapido files ... Defendant Flores allowed a New Mexico State Police to browse thru company records with out upper management knowledge and approval ... Defendant entered Plaintiff[']s private office with the intention of removing files [and] did in fact convince one of Rapido[']s employees ... to steal a file or files.

Amended Complaint at 8-9, ¶ 2.

The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant Flores because there are no allegations that Defendant Flores was acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution [and laws of the United States] by any person acting under color of state law").

<u>Irene De La Cruz</u>

Defendant De La Cruz is the "Manager of the Hobbs, NM MVD."  Complaint at 18, ¶ 5. The only factual allegation regarding Defendant De La Cruz during the past three years states that in approximately August 2019:

> When I received the IPRA from the City of Hobbs, NM, I discovered that Defendant lied about my actions I went to her place of employment and asked her for a private meeting and we went into her office and I asked her if she and I had ever had any cross words and she said no ... [and]denied she said those things and she immediately call[ed] her boss Defendant Toby Spears and placed him on speaker and Plaintiff reiterated the conversation and he remained silent asking no questions or made any statements.

---

[1] It appears that Plaintiff may have been an owner and employee of Rapido MVD.  *See* Amended Complaint at 11, ¶ 1 (stating "Plaintiff was one of the owners of an independent MVD"); at 6, ¶ e (stating "Plaintiff resigned in order to save the jobs of our employees").

Amended Complaint at 19, ¶ 5.b.1.

The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant De La Cruz because there are no factual allegations that Defendant De La Cruz deprived Plaintiff of any rights or privileges secured by federal law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

Danette Barela

Defendant Danette Barela "was the supervisor of the VIN school." Amended Complaint at 21, ¶ 6. The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant Barela because there are no factual allegations in the Amended Complaint regarding Defendant Barela's actions during 2018 through 2021.

David Anchondo

Defendant David Anchondo is "Owner of Anchondo['s] MVD Services." Amended Complaint at 17, ¶ 4. "[D]uring the last quarter of 2019[,] Defendant Anchondo entered into an agreement with Defendant Marta Flores (a former manager of Rapido MVD and now a partner in Anchondo[s] MVD Services), [Defendants] Angel Martinez and Alicia Ortiz and other defendants to acquire a MVD Partner agreement during the time frame Defendant Alicia Ortiz rescinded Rapido MVD's Partner Agreement." Amended Complaint at 17, ¶ 4.a. Defendant Anchondo called Defendant Ortiz "and asked her if the MVD had ever had any complaints regarding [Plaintiff] or Rapido MVD Services; Defendant Ortiz replied "no." Amended Complaint at 7, ¶ 6.k. Defendant Anchondo also signed a note "confirming that Defendant Alicia Ortiz of the State MVD has never received a compla[i]nt concerning Rapido MVD Services [or Plaintiff]." Amended Complaint at 17, ¶ 4.a; at 7, ¶ 6.k.

The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant Anchondo because there are no allegations that Defendant Anchondo was acting under color of state law or that Defendant Anchondo deprived Plaintiff of any rights or privileges secured by federal law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

Toby Spears

Defendant Toby Spears is the "Finance Director for the City of Hobbs, NM and Defendant Irene De La Cruz's boss." Amended Complaint at 34, ¶ 18. "Approx August 2018: Plaintiff went to Defendant Toby Spears['] office and questioned him about the allegations Defendant De La Cruz made concerning me pointing a finger at her and accusing her of discrimination. Defendant told me 'we have to do what the State MVD instruct[s] us to do.' He proceeded to give me some advi[c]e." Amended Complaint at 34, ¶ 18.b. In August 2019, when Defendant De La Cruz "call[ed] her boss Defendant Toby Spears and placed him on speaker and Plaintiff reiterated the conversation [between Plaintiff and Defendant De La Cruz] and [Defendant Spears] remained silent asking no questions or made any statements." Amended Complaint at 19, ¶ 5.b.1.

The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant Spears because there are no factual allegations that Defendant Spears deprived Plaintiff of any rights or privileges secured by federal law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

State Officials

Plaintiff names the following State officials as Defendants:

(i)       Governor Michelle Lujan Grisham;

(ii)      Former Governor Susana Martinez;

(iii)    Alicia Ortiz, "Past Director of the MVD in Santa Fe, New Mexico, Amended Complaint

at 3, ¶ 6;

(iv)    Margaret Williams, "Past Bureau Chief of the MVD," Amended Complaint at 10, ¶ 3;

(v)    Gerazimos Rezatos, "acting [director] of New Mexico MVD," *see* Amended Complaint

at 22, ¶ 7.a;

(vi)    Htet Gonzales, "Deputy director of Field Operations New Mexico MVD," *see* Amended

Complaint at 22, ¶ 8.a;

(vii)    Mark Williams, "Former Director of the New Mexico Motor Vehicle D[i]vision, *see*

Amended Complaint at 22, ¶ 9;

(viii)    William Duran, "Former Director of the New Mexico Department" [sic], *see* Amended

Complaint at 23, ¶ 10;

(ix)    Angel Martinez, "Bureau Chief MVD," *see* Amended Complaint at 25, ¶ 11;

(x)    Stephanie Schardin Clarke, "Cabinet secretary-designate of the state Taxation and

Revenue Department."  Amended Complaint at 34, ¶ 17.

The Amended Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 over which

the Court has jurisdiction as to the State Defendants in their official capacities.  "It is well

established that arms of the state, or state officials acting in their official capacities, are not

'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."

*Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179

Fed.Appx. 445, 446 (10th Cir. 2006).

The Amended Complaint also fails to state a claim pursuant to 42 U.S.C. § 1983 if

Plaintiff is asserting claims against the State official Defendants in their individual capacities

because there are no allegations that the State official Defendants deprived Plaintiff of any rights or privileges secured by federal law from 2018 through 2021:

(i)     Governor Michelle Lujan Grisham. *See* Amended Complaint at 31, ¶ 15.a. (Defendant "Grisham's office ... sent an encrypted email to April Vigil (a State MVD employee) inquiring about [Plaintiff's] IPRA to the Governor['s office"); at 32, ¶ 15.b. (Defendant "Grisham's office sent a second email to April Vigil advising that she (presumably Tina Archuleta) needed a storage devi[c]e from April so that they could send data regarding [Plaintiff's] dilemma to their legal department"); at 32, ¶ 15.c. (Defendant Grisham's office has not responded to Plaintiff's IPRA).

        The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant Grisham because there are no factual allegations that Defendant Grisham deprived Plaintiff of any rights or privileges secured by federal law during 2018-2021. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

(ii)    Former Governor Susana Martinez. *See* Amended Complaint at 33, ¶ 16 (no allegations 2018-2021).

(iii)   Alicia Ortiz.  Amended Complaint at 5, ¶ 6.b.-c. (Defendant Ortiz never "informed Plaintiff of specific areas of Plaintiff['s] incompetence," "never granted or acknowledged Plaintiff['s] request" for a hearing, "discussed 'Due Process' options, however, chose to respond to Plaintiffs['s] removal in writing"); at 7, ¶ 6.i. ("The guidelines expressed in Exhibit 147 and 148 have never been applied to any MVD Partner"); at 7, ¶ 6.k. (Defendant Ortiz replied "No" when asked "if the MVD had ever had any complaints regarding Forrest Evans"); at 7, ¶ 6.l. (Defendant Ortiz "wrote in an email she didn't believe Plaintiff 'has the personal wherewithal to resume his activity'"); at 7-8, ¶ 6.l.

(Defendant Ortiz wrote "an email stating 'I am very familiar with Mr. Evans and the circumstances that led to us requiring that he be removed from all MVD transactions or face hearing'"); at 8, ¶ 2.b. (Defendant "Ortiz and other Defendants colluded to facilitate an MVD Partner Agreement license for Defendants Flores and Anchondo, during the time frame Defendant Alicia Ortiz rescinded Rapido MVD's Partner Agreement").

The Complaint fails to state a procedural due process claim against Defendant Ortiz.

> [Courts] undertake the familiar two-step inquiry for procedural due process cases. First, we ask whether the [defendant's] actions deprived plaintiffs of a constitutionally protected property interest. If plaintiffs can satisfy this requirement, we then consider whether they were afforded the appropriate level of process.
> ....
> [D]ue process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*M.A.K. Investment Group, LLC v. City of Glendale*, 897 F.3d 1303, 1308-12 (10th Cir. 2018) (quotation marks and citations omitted).  Plaintiff has not alleged that Defendant Ortiz did not provide Plaintiff with notice and an opportunity to object prior to terminating his MVD Partner Agreement.

The Complaint fails to state an equal protection claim against Defendant Ortiz. An essential element of a "class-of-one" equal protection claim is that the plaintiff "has been intentionally treated differently from others similarly situated." *Grubbs v. Bailes*, 445 F.3d 1275, 1282 (10th Cir. 2006).  Plaintiff alleges the "guidelines expressed in Exhibit 147 and 148 have never been applied to any MVD Partner," but has not alleged any facts showing that the other "MVD Partners" were situated similarly to Plaintiff.

(iv)    Margaret Williams.  *See* Amended Complaint at 10-17, ¶ 3 (no allegations 2018-2021).

(v)    Gerazimos Rezatos.  *See* Amended Complaint at 22, ¶ 7 (no allegations 2018-2021).

(vi)   Htet Gonzales.  *See* Amended Complaint at 22, ¶ 8 (no allegations 2018-2021).

(vii)  Mark Williams  *See* Amended Complaint at 22, ¶ 9 (no allegations 2018-2021).

(viii) William Duran, *See* Amended Complaint at 23, ¶ 10 (no allegations 2018-2021).

(ix)   Angel Martinez. *See* Amended Complaint at 25, ¶ 11.a (Defendant Angel Martinez "was consistently hostile when Plaintiff called with questions.  Defendant and Plaintiff had very few verbal interactions"), at 26, ¶ 11.c (Defendant Angel Martinez emailed guidelines to all MVD Partners.  The guidelines expressed in Exhibit 147 and 148 have never been applied to any MVD Partner ... Defendant Angel Martinez clearly stated, regarding 'errors,' 'Remember you are allowed five (5) errors a year before we begin taking action to suspend your access to process'").

The Amended Complaint fails to state a claim pursuant to § 1983 against Defendant Angel Martinez because there are no factual allegations that Defendant Angel Martinez deprived Plaintiff of any rights or privileges secured by federal law during 2018-2021.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).

(x)    Stephanie Schardin Clarke, *See* Amended Complaint at 34, ¶ 17 (no allegations 2018-2021).

<u>City of Hobbs, City of Carlsbad and City of Lovington</u>

The Amended Complaint fails to state a claim against Defendants City of Hobbs, City of Carlsbad and City of Lovington because it does not allege that a municipal employee committed a constitutional violation or that a municipal policy or custom was the moving force behind the alleged constitutional violations.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal

10

policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).

**State Law Claims**

Because it is dismissing all of Plaintiff's federal-law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**


**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**